UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DIANA REYES LOPEZ, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:22-cv-55 |
| MARTIN FAMILY FARMS, INC., | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Amended Answer [DE 22] filed by the defendant, Martin Family Farms, Inc., on May 31, 2023. For the following reasons, the motion is **GRANTED**.

*Background*

The plaintiffs initiated this matter on August 22, 2022, against the defendant, Martin Family Farms, alleging violations of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Fair Labor Standard Act, and breach of contract. The alleged violations occurred while the defendant employed the plaintiffs. The court entered a Case Management Plan [DE 17] on November 18, 2022, which in part set a deadline for the defendant to amend its answer by January 12, 2023.

On April 19, 2023, after the above deadline, the defendant discovered that the plaintiffs might be seeking damages related to alleged physical injuries that occurred during their course of employment. As a result, the defendant realized that a factual basis existed to assert an additional affirmative defense under the Indiana Worker's Compensation Act.

On May 31, 2023, the defendant filed the instant motion [DE 22] seeking leave of the court to amend its answer to the plaintiffs' complaint to assert the exclusivity defense under the Indiana Worker's Compensation Act. The plaintiffs responded in opposition on June 15, 2023 [DE 25], and the defendant filed its reply on June 21, 2023 [DE 30].

*Discussion*

After the court enters a scheduling order, standards set forth under both **Federal Rule of Civil Procedure 16** and **Federal Rule of Civil Procedure 15** must be satisfied to amend the pleadings. First, the court evaluates whether the moving party has shown "good cause" to amend the pleading. **Rule 16(b)(4)**; *see Trustmark Ins. Co. v. Gen. Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the party must show 'good cause.'"). If the court determines that the good cause standard is satisfied, then the court applies the standard under **Rule 15(a)(2)** which provides that when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

"'**Rule 16(b)**'s 'good cause' standard primarily considers the diligence of the party seeking amendment.'" *Trustmark Ins. Co.,* 424 F.3d at 553 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a **Rule 16(b)** good–cause determination, the primary consideration for district courts is the diligence of the party seeking amendment."). In this case, the court's scheduling order granted the defendant until January 12, 2023, to amend its answer. The defendant moved to amend its answer on May 31, 2023, just over four months

2

after the amendment deadline had expired. As a result, the defendant must show "good cause" for the untimely amendment.

The defendant argues that it waited until May 31, 2023, to seek leave to amend its answer because the amendment is based on information it learned after receiving discovery related responses from the plaintiffs on April 19, 2023. Specifically, the defendant claims that it discovered for the first time that the plaintiffs might seek damages based on physical injuries sustained during their course of employment after receiving responses to discovery. Prior to receiving the plaintiffs' responses, the defendant contends that it had no reason to know that the plaintiffs were seeking damages for physical injuries. In response to this new information, the defendant seeks to amend its answer by adding the following Affirmative Defense:

> Plaintiffs' claims are barred in whole or in part by the exclusivity provisions of the Indiana Worker's Compensation Act.

Def.'s Am. Answer at 54, DE 22-1.

In response, the plaintiffs argue that the defendant failed to show due diligence in seeking its leave to amend. The plaintiffs suggest that their amended complaint, filed on September 8, 2022, specifies repeatedly that they suffered physical injuries during their course of employment with the defendant, essentially putting it on notice that the plaintiffs were seeking damages accordingly. In fact, the plaintiffs point out that the defendant acknowledged that it knew about the plaintiffs' physical injuries when it admitted to such facts in its answer. Def.'s Answer First. Am. Compl. at 50, DE 15 ("[Defendant] admits [plaintiffs] sought medical treatment for injuries sustained in the course of their employment with [defendant]."). The plaintiffs argue that the defendant's lack of diligence in asserting an affirmative defense does not constitute good cause. Additionally, the plaintiffs assert that they will be prejudiced by the defendant's undue to delay

in amending its answer if the motion is granted because it would require additional costly discovery.

True, the plaintiffs' complaint references several times when they sustained physical injuries during their course of employment. Pl.'s First Am. Comp., DE 7 (The plaintiffs' listed injuries such as bruised and cut knees, bruises, scrape, back injuries, and so on.). Yet nothing in the plaintiffs' causes of action or prayer for relief mentions that they were specifically seeking compensation for the alleged physical injuries sustained on the job. Instead, the plaintiffs' claims and prayer for relief appear to concern purely economic injuries. The first six listed causes of action concern violations of Title VII and allege damages stemming from "economic losses and emotional distress," not physical injuries. *Id.* Similarly, the remaining four claims pertain to discrimination, unpaid wage, and hour violations, and breach of contract, again allege damages for "economic losses." *Id.*

The fact that the plaintiffs requested "[c]ompensatory damages for injuries suffered because of this discrimination, retaliation, and the breach of contract" in their prayer for relief does not necessarily put the defendant on notice of their intent to seek damage for physical injuries. Pl.'s First Am. Comp. at 34, DE 7. Typically, injuries stemming from discrimination, retaliation, and breach of contract are not physical injuries by nature. The court finds the defendant had no reason to know that some plaintiffs were seeking damages relating to physical injuries incurred on the job until after receiving discovery responses relating to medical treatment. The fact the defendant waited 41 days to file its motion after discovering the pertinent information does not constitute undue delay. *See, e.g.*, **Gold v. YouMail, Inc.**, No. 1:12-cv-522, 2013 WL 652549, at *1 (S.D. Ind. Feb. 21, 2013) (granting leave to amend when the plaintiff moved to amend around one month after receiving the information that the amendment was

based); ***Vollmer v. State of Wisconsin Dep't of Transp.***, 2000 WL 34235982, at *2 (W.D. Wis. Aug. 14, 2000) (filing a motion 49 days after the discovery of new information does not constitute unreasonable delay). Thus, the court finds that the defendant has shown good cause under **Rule 16(b)(4)** for the belated amendment.

Next, the court turns to whether the requirements of **Rule 15(a)(2)** are satisfied. "The court should freely give leave when justice so requires." "[T]his mandate is to be heeded. If the underlying facts or circumstances relied upon by a [defendant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." ***Foman v. Davis***, 371 U.S. 178, 182 (1962) (citation omitted). Still, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." ***Arreola v. Godinez***, 546 F.3d 788, 796 (7th Cir. 2008) (internal citation omitted).

The plaintiff asserts that the belated amendment would result in undue prejudice because it would require them to pursue additional written discovery, expert witnesses, medical records, and business records.

Allowing the belated amendment will likely result in the need for additional discovery, and the discovery period is set to close on November 29, 2023. Therefore, the amendment will prejudice the plaintiffs to the extent that they will need to respond to this affirmative defense and likely perform some additional discovery. "However, being required to defend against new allegations made in pleadings is not the sort of prejudice that is undue in the context of amended pleadings." ***Reardon v. Short-Elliott Hendrickson, Inc.***, No. 2:17-CV-154, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) ("If such prejudice were considered undue, then amended pleadings would rarely be permissible."). This case was filed in August 2022, there has been

only one extension to the discovery period, and a trial date has not been scheduled. The prejudice that the plaintiffs will experience by the belated amendment can be cured by extending the discovery period to allow for the necessary additional written discovery if necessary. Therefore, while the plaintiffs will suffer some prejudice by the amendment, such prejudice is not undue where the amendment should be precluded.

*Conclusion*

Based on the foregoing reasons, the Motion for Leave to File Amended Answer [DE 22] is **GRANTED**. The defendant is instructed to file its amended answer [DE 22-1] as a separate docket entry solely to add the affirmative defense.

ENTERED this 24th day of July, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge